## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DR. ROBERT BRUGLER,

        Plaintiff,

    v.

UNUM GROUP and PROVIDENT
LIFE AND ACCIDENT INSURANCE
COMPANY,

        Defendants.

No. 4:15-CV-01031

(Judge Brann)

## MEMORANDUM OPINION AND ORDER

### OCTOBER 4, 2019

## I.      BACKGROUND

This Court writes to explain this case's progression and clarify the issues that the parties will test at trial, which is scheduled to begin this Monday, October 7, 2019.

On May 27, 2015, Plaintiff Dr. Robert Brugler initiated this action, claiming in his complaint that Defendants Unum Group and Provident Life and Accident Insurance Company breached the terms of Dr. Brugler's long-term disability insurance policy.  He also claimed that Defendants had acted in bad faith towards him when handling his policy.[1]

---

[1]   *See* ECF No. 1.  Dr. Brugler's bad faith claim was pursuant to 42 Pa.C.S. § 8371.

After discovery and an unsuccessful mediation with the Honorable Thomas I. Vanaskie, then United States Circuit Judge for the United States Court of Appeals for the Third Circuit,[2] on November 2, 2018, this Court granted Defendants' motion for partial summary judgment and dismissed Dr. Brugler's bad faith claim.[3] My decision to dismiss the bad faith claim hinged on the fact that Defendants' independent medical examiner, Dr. Michael Schaffer, had "conclude[d] that Dr. Brugler was no longer disabled under the policy."[4]

After my decision at summary judgment, on November 28, 2018, I referred the case to Chief Magistrate Judge Susan E. Schwab for settlement proceedings.[5] This second attempt at resolution was also unsuccessful,[6] and on March 11, 2019, the case returned to my docket.[7] After a status conference held on April 5, 2019, the Court was prepared to immediately set a trial date. Indeed, the Court followed up with the parties' counsel on multiple, regular occasions, seeking to ascertain what dates would be appropriate for trial. But the parties' counsel claimed various impediments and obstacles, which delayed the scheduling of trial by nearly a

---

[2] *See* ECF Nos. 22-24.

[3] *See* ECF No. 43. This decision also dismissed Dr. Brugler's declaratory judgment and unfair trade practices claims.

[4] ECF No. 43 at 13; *see also id.* at 15 ("After Dr. Schaffer concluded that Dr. Brugler's disability claim was not medically supported, Defendants terminated Dr. Brugler's disability benefits.").

[5] *See* ECF No. 50.

[6] *See* ECF No. 56.

[7] *See* ECF No. 57.

month. This Court eventually issued a Scheduling Order on May 1, 2019. This Order fixed a July 29, 2019 deadline for motions *in limine* and pre-trial memoranda, scheduled the final pre-trial conference for September 23, 2019, and fixed the date certain for jury selection and the start of trial as October 7, 2019.[8] On July 16, 2019, Defendants moved for a ten-day extension for motions *in limine*;[9] I denied this motion.[10]

On July 29, 2019, the parties duly submitted their motions *in limine*.[11] Dr. Brugler moved *in limine* to exclude Dr. Schaffer's testimony—including his expert opinion that Dr. Brugler was no longer disabled.[12] Defendants moved *in limine* to preclude Dr. Brugler from testifying as to Defendants' intentions in handling his claims and as to his Internet research into Defendants' history of claims handling.[13] Defendants also moved *in limine* to preclude Dr. Brugler from challenging the reasonableness of the stereoacuity testing (in this case, the Titmus test) that Dr. Schaffer performed on Dr. Brugler during the course of his independent medical examination.[14]

---

[8]   ECF No. 61.

[9]   ECF No. 62.

[10]   ECF No. 63.

[11]   I have detailed the scope and specifics of the parties' five motions in *limine* at ECF Nos. 93 and 100. Only three of the five motions are relevant to this memorandum and order.

[12]   *See* ECF No. 74.

[13]   *See* ECF No. 66.

[14]   *See* ECF No. 67.

On September 17, 2019, I granted Defendants' motions *in limine*, and denied Plaintiff's motion *in limine* in part and granted it in part.[15]  In an accompanying Memorandum, I explained that I was granting Defendants' motions to preclude the above subjects of Dr. Brugler's testimony because these subjects were not relevant to the sole breach of contract claim before the Court at the time, and including these subjects would prove unduly prejudicial to Defendants.[16]

I also explained that I needed more development of the factual record in order to fully resolve Dr. Brugler's motion to exclude Dr. Schaffer's testimony.  I was able to conclude that Dr. Schaffer could testify about the condition of Dr. Brugler's eye and Dr. Brugler's visual ability,[17] but I needed more information on Dr. Schaffer's qualifications and the reliability of his methods to determine whether Dr. Schaffer could testify about whether Dr. Brugler could practice dentistry.[18]  The same day the Court issued its Memorandum and Order, it, *sua sponte*, reached out to the parties' counsel to schedule a conference call to discuss the need for more information from Dr. Schaffer.

That conference call occurred two days later, on September 19, 2019.  The Court explained that it had significantly less information about Dr. Schaffer than about the other experts about which it issued its motion *in limine* rulings, and

---

[15]  *See* ECF No. 94.

[16]  *See* ECF No. 93 at 40-43.

[17]  *See* ECF No. 93 at 44-47.

[18]  *See* ECF No. 93 at 49-50.

proposed a *Daubert* hearing to elicit this information and conduct a fulsome

analysis into Dr. Schaffer's qualifications and into the reliability of his methods.

The parties stated their intention to resolve this issue without a *Daubert* hearing.

At the pre-trial conference held four days later on September 23, 2019,

defense counsel stated that he had reviewed Dr. Schaffer's deposition testimony.

Per defense counsel, Dr. Schaffer had the same basic and limited understanding of

Dr. Brugler's duties as a dentist as did the other three key expert witnesses whose

testimony was at issue.[19]  I confirmed with defense counsel that I would need a

statement in writing confirming Dr. Schaffer's understanding of Dr. Brugler's

dentistry duties.  I also reiterated the Court's willingness to conduct a *Daubert*

hearing, and presented potential dates for the hearing (understanding that the

hearing would, of course, necessarily fall close to trial).

Three days later, on September 26, 2019, defense counsel memorialized his

pre-trial conference statements in a letter to the Court.[20]  The Court analyzed this

new information about Dr. Schaffer's qualifications, and concluded in an Order of

that same date that Dr. Schaffer was not qualified to testify about whether Dr.

Brugler could practice dentistry.[21]

On October 2, 2019, Dr. Brugler's counsel wrote to assert that Dr. Brugler's

bad faith claim should be reinstated, and that the Court should preclude Defendants

---

[19]   Dr. Steven Marks, Dr. Thomas Vander, and Dr. Joseph Friberg.

[20]   *See* ECF No. 99.

[21]   *See* ECF No. 100.

from attacking Dr. Brugler's credibility.[22]  Yesterday, October 3, 2019, in another telephonic conference with counsel for the parties, I stated that based on Dr. Schaffer's lack of qualifications, I would be allowing Dr. Brugler's bad faith claim to proceed and would be allowing Defendants to attack Dr. Brugler's credibility.  I explained that this formal Memorandum and Order would follow to memorialize my ruling.  Defendants' counsel objected and orally moved for a continuance, claiming that Defendants needed additional time before trial to prepare to defend against the bad faith claim.  Defendants then followed up with a motion for reconsideration of my decision to reinstate Dr. Brugler's bad faith claim.[23]

I have reviewed Defendants' motion for reconsideration, and I find it well constructed.  I appreciate its arguments.  But I do not find it persuasive.

## II.    DISCUSSION

If Dr. Schaffer cannot testify about Dr. Brugler's ability to practice dentistry, then, by extension, Dr. Schaffer cannot testify about whether Dr. Brugler is disabled under the terms of his policy.[24]  Given that Dr. Schaffer can no longer give his expert opinion as an independent medical examiner that Dr. Brugler was no longer disabled, the evidence in the record does not establish as a matter of law

---

[22]  *See* ECF No. 102.

[23]  ECF No. 108.

[24]  The policy defines "totally disabled" as "due to Injuries or Sickness you are not able to perform the substantial and material duties of Your Occupation."  ECF No. 85 Ex. 1 at OC-2.

that Defendants "had a reasonable basis to deny [Dr. Brugler's] claim."[25]  Thus, this Court now modifies the portion of its summary judgment decision that dismissed Dr. Brugler's bad faith claim.  Dr. Brugler can proceed with his bad faith claim at trial.

Dr. Brugler can also now testify about his personal belief about Defendants' intentions in handling his claim, about the reasonableness of Defendants' request to have Dr. Brugler undergo the Titmus test, and about the reasonableness of Dr. Schaffer's performance of the Titmus test.  All three topics are clearly relevant to Dr. Brugler's bad faith claim, and their inclusion would not be unduly prejudicial.  Fed R. Evid. 401; Fed. R. Evid. 403.    But Dr. Brugler may not testify about his Internet research into Defendants' history of claim handling.  This would present a danger of "confusing the issues [and] misleading the jury" in this case, given Unum's recent reforms to its claims handling internal procedures.[26]  The Court now modifies its September 17, 2019 Order on Defendants' motions *in limine*; this is reflected in the below Order.

If Dr. Brugler can attempt to advance this claim, Defendants are free to bring Dr. Brugler's credibility into question.  Dr. Brugler's credibility is of obvious relevance to the questions of (1) whether Defendants "had a reasonable basis to

---

[25]  *See* ECF No. 43 at 13; *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 179 (3d Cir. 2011) (explaining that an insurer defeats a plaintiff's bad faith claim by showing that it had a reasonable basis to deny the claim).

[26]  *See* ECF No. 93 at 42.

deny [Dr. Brugler's] claim,"[27] and (2) whether Defendants acted in bad faith towards Dr. Brugler in their handling of Dr. Brugler's claim. If Defendants' bad faith is an issue in this case (and it now is), then Dr. Brugler's credibility can accompany by association. This Court will not preclude Defendants from bringing Dr. Brugler's credibility into question during trial.

And, in turn, Defendants can introduce—for the limited purpose of defending against Dr. Brugler's bad faith claim—Dr. Friberg and Dr. Schaffer's opinions that Dr. Brugler could practice dentistry. These conclusions are clearly relevant to whether Defendants had a reasonable basis to deny Dr. Brugler's claim. The conclusions of Dr. Marks and Dr. Vander that Dr. Brugler could not practice disability are likewise now admissible for limited purposes—either for Dr. Brugler to defend against attacks on his credibility, or for Defendants to further support their defense against Dr. Brugler's bad faith claim. As the Court ruled on September 17, 2019 and September 26, 2019, these experts were not qualified to give these specific opinions. But these opinions are still relevant when considering what Defendants relied on in processing Dr. Brugler's disability claim and in considering Dr. Brugler's credibility in bringing his disability claim. The Court now further modifies its September 17, 2019 Order on Defendants' motions *in limine*.[28]

---

[27] *Amica*, 656 F.3d at 179.

[28] This dissipates the "proverbial 'Catch-22'" that Defendants note. ECF No. 110 at 15.

The Court understands full well that this ruling comes with trial fast approaching, and that this ruling broadens the scope of the issues to be addressed at trial. But the Court will not grant Defendants' motion for a continuance. The Court believes that its September 17, 2019 Memorandum and Order—*issued nearly three weeks before the start of trial*—placed Defendants on constructive notice of the high probability that the Court would reinstate Dr. Brugler's bad faith claim. Here's why.

As stated above, the Court's November 2, 2018 summary judgment decision on Dr. Brugler's bad faith claim depended on Dr. Schaffer's ability to testify about Dr. Brugler's ability to practice dentistry. At summary judgment, Defendants did, as the Court noted, present "ample, undisputed record evidence that [they], after conducting a thorough investigation of Dr. Brugler's claim, had a reasonable basis to deny his disability claim." ECF No. 43 at 14. But the evidence that Defendants presented in support of their decision to deny Dr. Brugler's claim shows that Defendants depended on Dr. Schaffer being qualified to provide, and using reliable methods in the provision of, an opinion on Dr. Brugler's ability to practice dentistry. Defendants minimize the importance of this opinion to their determination.[29] It was crucial.

Dr. Judith Cohen, after analyzing updated medical records that Dr. Brugler had provided, spoke to Dr. Brugler's attending physician, Dr. Steven Marks. In

---

[29] *See* ECF No. 110 at 10-13.

that telephone call, per Dr. Cohen's notes, Dr. Marks "noted that it would be reasonable to obtain a second opinion with a pediatric ophthalmologist who could perform advanced depth perception testing to better quantify Dr. Brugler's functional ability."[30] Then Dr. Cohen, in concluding that an independent medical examination would be necessary, noted that "a neuroophthalmologist or strabismus specialist would best be able to perform [certain] tests and assess the insured's function," and suggested that this specialist "correlate [test results] with how this would impact function," "quantify the insured's restrictions and/or limitations" and explain the basis for the insured's limitations "[or] inability to perform activities requiring depth perception."[31] As reflected in his report, Dr. Schaffer's conclusions included analysis of Dr. Brugler's "inability to perform non-microscopic dental surgery."[32] Janet Swenson, a benefits specialist with Unum, informed Dr. Brugler's counsel that Unum would be stopping benefits because "the information in Dr. Brugler's claim file indicates he is able to perform the duties of his occupation as a dentist."[33] Under a heading of "Information That Supports Our Decision," Ms. Swenson cited the results of Dr. Schaffer's independent medical examination as well as Dr. Schaffer's analysis of Dr.

---

[30]  ECF No. 31-8 at Ex. 8.

[31]  ECF No. 31-8 at Ex. 10.

[32]  *Id.* at Ex. 11.

[33]  *Id.* at Ex. 12.

Brugler's ability to perform non-microscopic dental surgery.[34]  Ms. Swenson later advised Dr. Brugler's counsel that an additional medical examination performed by Dr. Joseph Walker did not change Unum's determination to stop benefits, because "the additional medical information did not change the opinion of Dr. Schaffer." The "opinion of Dr. Schaffer"—the opinion that *Dr. Brugler could practice dentistry*—is what drove Defendants' decision.[35]

At summary judgment, Dr. Schaffer's qualifications and reliability were not in question.  Plaintiff's motion *in limine* re-focused the Court's analysis.  The Court's September 17, 2019 decision then informed the parties that the admissibility of testimony from Dr. Schaffer on whether Dr. Brugler could practice dentistry was very much up in the air (with the Court even proactively reaching out to the parties to make this clear).  As Dr. Schaffer was Defendants' expert witness, Defendants should have known on September 17, 2019, that, given the analysis in the Court's opinion, Dr. Schaffer was not qualified to testify about Dr. Brugler's ability to practice dentistry.  The fact that the necessary next step to Dr. Schaffer's lack of qualification—the resuscitation of Dr. Brugler's bad faith claim, which had previously existed for over three years and all through the discovery process—did

---

[34]  *Id.* at Ex. 12.

[35]  *Id.* at Ex. 17.  The Court understands that "it is the claims handler, *not* the independent physician, who makes a claim determination."  ECF No. 110 at 13.  But, as explained above, Defendants, in making their claim determination, relied upon their independent physician, Dr. Schaffer, and his opinion about whether Dr. Brugler could practice dentistry.  Defendants cite no authority for their claim that the Court's decision here "is not supported by the law and is not a practical reality of the insurance industry."  *Id.*

not crystallize until today does not save Defendants. "Continuance of a trial is a matter of discretion with the trial court which will not be disturbed unless a clear abuse has been shown." *Fontana v. United Bonding Ins. Co.*, 468 F.2d 168, 169-70 (3d Cir. 1972). Denying a motion for continuance is not an abuse of discretion if a party shows a lack of diligence in preparing their case. *See Johnston v. Jones*, 178 F.2d 481, 484-85 (3d Cir. 1949).[36] Here, Defendants have shown a lack of diligence in not preparing to defend against Dr. Brugler's bad faith claim. This claim had been a live claim for over three years, the parties fully ventilated it in discovery, and Defendants had nearly three weeks of notice that it would likely be returning to the playing field.[37] This Court denies Defendants' motion for a continuance.

---

[36] *See also Pfeil v. Rogers*, 757 F.2d 850, 856 (7th Cir. 1985) ("When a party fails to secure discoverable evidence due to his own lack of diligence, it is not an abuse of discretion for the trial court to refuse to grant a continuance to obtain such information."); *N. Indiana Pub. Serv. Co. v. Carbon Cty. Coal Co.*, 799 F.2d 265, 269 (7th Cir. 1986) ("the existence of changed circumstances to which a party cannot reasonably be expected to adjust without an extension of time" is a key factor in reversing denial of a continuance); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (listing "the diligence of the party requesting the continuance" as one factor the Tenth Circuit considers when deciding whether the denial of a continuance is an abuse of discretion).

[37] The Court finds *Sutherland Paper Co. v. Grant Paper Box Co.*, 183 F.2d 926, 930-31 (3d Cir. 1950) to be distinguishable. That was a patent infringement case where the denial of a continuance presented the defendant from preparing adequate technical experiments during a period of ill health of the defendant's key technician. From the Court's perspective, defending against Dr. Brugler's bad faith claim requires much less technical expertise. This appears to be a garden-variety insurance dispute.

## III. CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendants' motion for partial summary judgment, ECF No. 31, is **DENIED** with respect to Dr. Brugler's bad faith claim.

2. Defendants' motion *in limine*, ECF No. 64, is **DENIED**.

3. Defendants' motion *in limine*, ECF No. 65, is **DENIED**.

4. Defendants' motion *in limine*, ECF No. 66, is **GRANTED IN PART and DENIED IN PART**.

5. Defendants' motion *in limine*, ECF No. 67, is **DENIED**.

6. Plaintiff's motion *in limine*, ECF No. 74, is **DENIED**.

7. Defendants are not precluded from bringing Dr. Brugler's credibility into question at trial.

8. Defendants' motion for continuance made during the October 3, 2019 telephonic conference is **DENIED**.

9. Defendants' motion for reconsideration, ECF No. 108, is **DENIED**.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge